# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TERRENCE CANDIDATE,

  Petitioner,  :  Case No. 1:11-cv-61

  -vs-  :  District Judge S. Arthur Spiegel
        Magistrate Judge Michael R. Merz

Warden, Warren Correctional Institution,

  Respondent.  :

## REPORT AND RECOMMENDATIONS

  This habeas corpus case is before the Court on Respondent's Motion to Dismiss, filed and served June 14, 2011 (Doc. No. 10).

  In her initial Order under Rule 4 of the Rules Governing § 2254 Cases, Magistrate Judge Litkovitz provided that if the Respondent filed a motion to dismiss, Petitioner would have twenty-one days thereafter to file a memorandum in opposition (Order, Doc. No. 5, PageID 32). Thus Petitioner's time to respond to the Motion expired July 8, 2011 (twenty-one days plus three days for service by mail under Fed. R. Civ. P. 6). Petitioner has filed no response.

### Procedural History

  The record filed by Respondent in connection with the Motion to Dismiss shows that Candidate was charged in one thirteen-count indictment in the Butler County Common Pleas Court with criminal offenses occurring on December 30, 2007, and March 27, 2008. On Petitioner's motion, the separate

incidents were tried separately. In Case No. CR2008-03-552 relating to the December 2007 offenses, he was convicted on four counts and acquitted on one. In Case No. CR2008-04-585 relating to the March 2008 offenses, he was convicted on all eight counts. The trial court imposed sentence separately of three years in the first case and thirty-eight years in the second. Candidate appealed those two judgments separately to the Twelfth District Court of Appeals. That court affirmed as to the first case on May 30, 2009, and as to the second case on May 18, 2009. Candidate's appeal of the first case to the Ohio Supreme Court was declined on September 16, 2009, and as to the second case on January 27, 2010. Petitioner placed his Petition for Writ of Habeas Corpus in the prison mailing system on January 25, 2011, and is entitled to have that date counted as the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988).

> Petitioner pleads the following Grounds for Relief:
>
> > **Ground One:** Insufficient Evidence
> >
> > **Supporting Facts:** Cited in all briefs and memorandums.
> >
> > **Ground Two:** Constitutional violation.
> >
> > **Supporting Facts:** Petitioner not present at every stage of trial.
> >
> > **Ground Three:** Ineffective assistance of trial/appellate counsel.
> >
> > **Supporting Facts:** Without Petitioner's knowledge or consent, the record states counsel waived Petitioner's presence and counsel on appeal did not assign ineffectiveness of trial counsel as error, but not limited to.

(Petition, Doc. No. 1, PageID 5-8.)

**Analysis**

**Statute of Limitations**

Petitioner does not distinguish which of the two incidents his Grounds for Relief relate to. However, to the extent they purport to raise claims related to the December 2007 offenses, they are barred by the one-year statute of limitations in 28 U.S.C. § 2244.  The one year begins to run when a conviction becomes final on direct appeal, which includes the ninety days during which a person who is unsuccessful in a state supreme court can seek review in the United States Supreme Court.  As to the December 2007 offenses, that time expired on December 15, 2009, but the Petition was not filed until more than a month later.  Therefore any habeas corpus claims related to the 2007 incident are barred by the statute of limitations.

**Procedural Default**

Respondent asserts that Petitioner has not exhausted available state court remedies for his Third Ground for Relief insofar as that Ground asserts ineffective assistance of appellate counsel because Petitioner has not filed an application for reopening direct appeal to raise that claim in the Twelfth District Court of Appeals.

The facts cited by Respondent support instead a defense of procedural default.  While it is theoretically possible for Petitioner to file a delayed application to reopen the appeal to assert ineffective assistance of appellate counsel, the Ohio Rules of Appellate Procedure set a ninety-day time limit on such applications which runs from the date of final judgment in the court of appeals. Those judgments were entered on May 30, 2009, and May 18, 2009, far more than two years ago in each case. In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and

independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. Aug. 24, 2009). There is little doubt that the court of appeals would enforce that rule if it were now presented with applications for delayed reopening in Petitioner's case. Therefore he should be held to have procedurally defaulted on his claim of ineffective assistance of appellate counsel.

Insofar as Petitioner's Third Ground for Relief raises a claim of ineffective assistance of trial counsel, that claim is also procedurally defaulted in that Petitioner has never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 to raise that claim and the time for filing such a petition has long since expired.

**Merits of the Remaining Claims**

**Sufficiency of the Evidence**

On direct appeal of his conviction for the March 2008 offenses, Petitioner claimed that the evidence was insufficient to support the conviction for aggravated robbery. Although Petitioner has made no independent argument of that claim in his papers in this Court, his Petition appears to incorporate by reference the arguments he made on direct appeal.

This claim was the first assignment of error on direct appeal. In the Twelfth District, Petitioner claimed that the carving knife he wielded during the offenses had not been provided to be a deadly weapon as required by Ohio Revised Code § 2923.11(A). The court of appeals held "after appellant

-4-

obtained the carving knife, he repeatedly threatened to kill the family and inflicted harm on the father, slicing him in several places." *Ohio v. Candidate*, Case No. CA2008-07-169, ¶ 2, PageID 296, *citing* its own prior decision in *State v. Cummings*, Butler App. No. CA2006-09-224. It continued:

> Appellant next argues that the carving knife was not "displayed, brandished, or used" during the commission of the aggravated robbery, arguing the robbery was a separate transaction from the kidnapping and felonious assault charges. R.C. 2011.01(A)(1). However, when brandishing the knife, appellant chased the family from their home, cutting the father in several places as he fled. Appellant then immediately ran inside the home and stole the vehicle. Appellant brandished the knife as part of the course of conduct committing the aggravated robbery.

*Id.* at ¶ 3.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

The Fourteenth Amendment does require that a criminal conviction be supported by sufficient evidence. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility

> of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  Of course, it is state law which determines the elements of offenses;  but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

Based on this standard, the court of appeals decision is not an objectively unreasonable

application of *Jackson v. Virginia* and is therefore entitled to deference from this Court. Petitioner's First Ground for Relief should be dismissed with prejudice.

## Defendant's Presence at Trial

In his Second Ground for Relief, Petitioner claims he was denied due process in that he was not present when the trial court answered jury questions. This was Mr. Candidate's third assignment of error on direct appeal. The court of appeals noted that the record factually supported the claim that Petitioner was absent but also showed that his attorney had waived his presence. *Ohio v. Candidate*, Case No. CA2008-07-169, ¶ 4, PageID 297.

A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure, i.e., be useful in ensuring a more reliable determination. *Buell v. Mitchell*, 274 F.3d 337, 363 (6th Cir. 2001), *citing Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). However this is certainly a right that defense counsel can waive and Petitioner has made no showing that doing so compromised his rights in any way. As noted above, his claim that it was ineffective assistance of trial counsel for his counsel to agree to this waiver is itself procedurally defaulted.

## Conclusion

On the basis of the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability. This Court should certify to the

Sixth Circuit that any appeal would be objectively frivolous and Petitioner should therefore not be permitted to proceed on appeal *in forma pauperis*.

December 28, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Candidate Habeas R&R.wpd